IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OLGA KNUTSON WITH POWER OF §
ATTORNEY FOR CONSUELO §
TAMEZ, §
§
          Plaintiff, §
§  Civil Action No. 3:13-CV-1965-D
VS. §
§
KROGER TEXAS, L.P. d/b/a KROGER, §
§
          Defendant. §

MEMORANDUM OPINION
AND ORDER

     Defendant Kroger Texas, L.P. d/b/a Kroger ("Kroger") moves for summary judgment dismissing this negligence/premises liability action brought by Olga Knutson ("Knutson"), with power of attorney for Consuelo Tamez ("Tamez"), arising from a slip and fall at a Kroger store. Kroger points to the absence of evidence to support several essential elements of Knutson's claim. Knutson has not responded to the motion. The court now grants the motion and dismisses this action with prejudice by judgment filed today.[1]

I

     This lawsuit arises from a slip and fall at a Kroger store. Knutson alleges that, as Tamez (her 94-year old mother) entered the bathroom at the Kroger store located in Sachse,

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Texas,[2] Tamez slipped and fell due to a wet, slippery, and hazardous substance on the floor, causing her to sustain bodily injuries and other damages. Knutson filed the lawsuit in Texas state court, and Kroger removed it to this court. On January 6, 2014 Kroger filed the instant motion for summary judgment. Knutson's response was due on January 27, 2014. *See* N.D. Tex. Civ. R. 7.1(e). Knutson has not responded to the motion.

## II

Because Kroger will not have the burden of proof at trial on Knutson's negligence/premises liability claim, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claim. *See Celotex Corp. v. Citrate*, 477 U.S. 317, 325 (1986). In its motion, *see* D. Mot. 2, and in its brief, *see, e.g.,* D. Br. 1, Kroger points to the absence of evidence that (1) Kroger had actual or constructive knowledge of any hazard; (2) an unreasonably dangerous condition existed; (3) Kroger failed to exercise reasonable care to reduce or eliminate the alleged risk; or (4) Kroger's alleged actions or inactions proximately caused Tamez's injuries.

Because Kroger has pointed to the absence of evidence to support several elements of Knutson's negligence/premises liability claim, Knutson must go beyond her pleadings and designate specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

---

[2]Knutson's second amended complaint also refers to a Kroger store in Lewisville, Texas. *See* 2d Am. Compl. ¶ 8. The undisputed summary judgment evidence, however, shows that the incident in question occurred at the Sachse, Texas store.

An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Knutson's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Failure to produce proof as to any essential element renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Knutson fails to meet this burden. *Little*, 37 F.3d at 1076.

As noted, Knutson has not responded to Kroger's motion. Her failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept Kroger's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Knutson's failure to respond means that she has not designated specific facts showing that there is a genuine issue for trial on several essential elements of her negligence/premises liability claim. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

> If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(e), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2) and (3). Kroger is therefore entitled to summary judgment.

- 3 -

\*   \*   \*

Accordingly, Kroger's January 6, 2014 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

February 18, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE